F. MARIO TRUJILLO (SBN 352020)
mario@eff.org
AARON MACKEY (SBN 288647)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE and<br>DEPARTMENT OF HOMELAND SECURITY<br><br>　　　　　　　　　　　Defendants. | **COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552** |

## INTRODUCTION

1. The Electronic Frontier Foundation ("EFF") seeks records and communications reflecting federal officials' demands that technology companies remove online apps and webpages that document immigration enforcement activities in communities throughout the country.

2. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff, EFF, seeks the release of records requested from Defendant Department of Justice ("DOJ") and Defendant Department of Homeland Security ("DHS"), including two DHS components: Immigration and Customs

Enforcement ("ICE"), and Customs and Border Protection ("CBP").

3. Following communications with federal officials this year, companies such as Apple, Google, and Meta have recently removed from their platforms a number of user-created applications and webpages that document immigration activity. These include apps such as ICEBlock, Red Dot, and DeICER, as well as webpages such as ICE Sightings-Chicagoland. EFF seeks records and communications surrounding such government demands made to these and other companies.

4. The government's actions are the subject of intense media attention and raise important legal questions. Documenting law enforcement activities occurring in public and disseminating that information to the broader public is protected First Amendment activity. *Askins v. DHS*, 899 F.3d 1035 (9th Cir. 2018).

5. Government officials' coercion to restrict the First Amendment activities of a private party such as a law enforcement tracking application or website can violate the First Amendment. *See NRA v. Vullo*, 602 U.S. 175 (2024). The nature and content of the Defendants' communications with these technology companies is thus critical for determining whether they crossed the line from governmental cajoling to unconstitutional coercion. *Id.* at 188.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331.

7. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because EFF is headquartered in this district.

8. Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where EFF is headquartered.

**PARTIES**

9. Plaintiff EFF is a not-for-profit organization headquartered in San Francisco, California. EFF informs the public, the press, and lawmakers about civil liberties and technology issues and defends those liberties. To support its mission, EFF uses FOIA to obtain

and publish information about the activities of federal agencies. EFF is a "person" within the meaning of 5 U.S.C. § 551(2).

10. Defendant DOJ is a Departments of the Executive Branch of the United States Government and is an "agency" within the meaning of 5 U.S.C. § 552(f). It has possession and control over the requested records.

11. Defendant DHS is a Departments of the Executive Branch of the United States Government and is an "agency" within the meaning of 5 U.S.C. § 552(f). ICE and CBP are components of DHS. Defendant DHS has possession and control over the requested records.

## FACTUAL ALLEGATIONS

12. On or around October 2, 2025, Apple removed from its App Store the application called ICEBlock, which describes itself as an app that allows users to report ICE activity with just two taps on their phone. *See* Jon Brodkin, *Apple removes ICEBlock, won't allow apps that report locations of ICE agents*, Ars Technica (Oct. 3, 2025).[1]

13. Apple said it removed ICEBlock and similar apps "based on information we received from law enforcement." *Id.* On the same day, Attorney General Pamela Bondi said, "We reached out to Apple today demanding they remove the ICEBlock app from their App Store—and Apple did so." *Id.*

14. Around the same time, Apple removed from its App Store and Google removed from its Play Store an application called Red Dot, which describes itself as an anonymous community-driven tool for reporting and receiving ICE activity alerts. *See* Joseph Cox, *Google Calls ICE Agents a Vulnerable Group, Removes ICE-Spotting App 'Red Dot'*, 404 Media (Oct. 3, 2025).[2]

15. Around October 8, 2025, Apple removed from its App Store the application called DeICER, which is described as a civic-reporting app used to log immigration

---

[1] https://arstechnica.com/tech-policy/2025/10/apple-bends-to-trump-admin-demand-to-remove-ice-tracking-apps-like-iceblock/.

[2] https://www.404media.co/google-calls-ice-agents-a-vulnerable-group-removes-ice-spotting-app-red-dot/.

enforcement activity. Pablo Martinez, *SCOOP: Apple Made ICE Agents a Protected Class*, Migrant Insider (Oct. 8, 2025).[3]

16. Apple noted its decision was based on "information provided to Apple by law enforcement." *Id.*

17. On or around October 14, 2025, Meta removed a Facebook page called ICE Sightings-Chicagoland, which has been described as a page allowing people to report sightings of federal immigration officials in the Chicago area. *See* Nader Issa, *Facebook suspends popular Chicago ICE-sightings group at Trump administration's request*, WBEZ Chicago (Oct. 14, 2025).[4]

18. That day, Bondi took credit in a post on the social media platform X: "Today following outreach from @thejusticedepartment, Facebook removed a large group page that was being used to dox and target @ICEgov agents in Chicago."[5] Claiming that these apps and pages put federal officials at risk, Bondi said, "The Department of Justice will continue engaging tech companies to eliminate platforms where radicals can incite imminent violence against federal law enforcement."

19. EFF's lawsuits seeks records and communications about the federal government "engaging tech companies" to remove apps and webpages that document immigration activities.

### EFF's FOIA Requests

20. On October 14, 2025, EFF submitted four substantially similar FOIA requests through online FOIA portals to DOJ, DHS, ICE, and CBP for the agencies' records and communications about agency demands that technology companies remove apps and pages that document immigration activities.

21. No Defendant has produced any records to date.

---

[3] https://migrantinsider.com/p/scoop-apple-quietly-made-ice-agents.

[4] https://www.wbez.org/immigration/2025/10/14/facebook-suspends-popular-chicago-ice-sightings-group-at-trump-administrations-request.

[5] https://x.com/AGPamBondi/status/1978104370186137616.

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

DOJ FOIA Request

22. EFF's October 14, 2025, FOIA request to DOJ sought the following records:

- Any and all communications or records of communications between DOJ, or any subsidiary agency component, and Apple, Inc., its App Store, or any corporate subsidiary of Apple, concerning applications, services, webpages, or users who publicly disclose ICE activities, from January 20, 2025 to present.
    - o Any and all communications or records of communications between DOJ, or any subsidiary agency component, and Apple, Inc., or any corporate subsidiary of Apple, concerning online applications ICEBlock, DeICER, or any similar applications, from January 20, 2025 to present.
    - o Any and all communications or records of communications between DOJ, an any subsidiary agency component, and Apple, Inc., or any corporate subsidiary of Apple, reflecting DOJ's assertions that these or similar applications, services, websites, or users violate Apple's application store policies by publicly disclosing ICE activities, from January 20, 2025 to present.
- Any and all communications or records of communications between DOJ, or any subsidiary agency component, and Alphabet, Inc, its Google, Inc. subsidiary, or any other corporate subsidiary, concerning applications, services, webpages, or users who publicly disclose ICE activities, from January 20, 2025 to present.
    - o Any and all communications or records of communications between DOJ, or any subsidiary agency component, and Alphabet, Inc, its Google, Inc. subsidiary, or any other corporate subsidiary, concerning online applications ICEBlock, DeICER, or any similar application, from January 20, 2025 to present.
    - o Any and all communications or records of communications between DOJ, and any subsidiary agency component, and Alphabet, Inc, its Google, Inc. subsidiary, the Google Play application store, or any other

- corporate subsidiary, reflecting DOJ's assertions that these or similar applications, services, websites, or users violate the Google Play application store policies by publicly disclosing ICE activities, from January 20, 2025 to present.
- Any and all communications or records of communications between DOJ, or any subsidiary agency component, and Meta, its Facebook subsidiary, or any other corporate subsidiary, concerning applications, services, webpages, or users who publicly disclose ICE activities, from January 20, 2025 to present.
  - Any and all communications or records of communications between DOJ, or any subsidiary agency component, and Meta, its Facebook subsidiary, or any other corporate subsidiary, concerning a Facebook page discussing ICE activity in Chicago, or any similar Facebook page, account, or user, from January 20, 2025 to present.
  - Any and all communications or records of communications between DOJ, and any subsidiary agency component, and Meta, its Facebook subsidiary, or any other corporate subsidiary, reflecting DOJ's assertions that these or similar Facebook pages, accounts, or users violate Facebook's policies by publicly disclosing ICE activities, from January 20, 2025 to present.
- Any and all communications, records of communications, or other records reflecting DOJ's communications with any online service, application store, website, or similar, asking or demanding that the service remove, deprioritize, or prohibit the distribution of applications, websites, or similar services that document ICE activity.

23.    In accordance with FOIA, EFF also requested that where available and appropriate, responsive records should be provided electronically in their native format (such as a CSV file), or as text searchable PDFs, and that the parent/child relationship between records is preserved.

24.     The FOIA request sought expedited processing because of the urgency to inform the public about potential coercion of technology platforms and because it is a matter of exceptional media interest that raises questions about the agencies' integrity. 5 U.S.C. § 552(a)(6)(E). *See also* 28 C.F.R. § 16.5(e)(1) (DOJ regulations on expedited processing); 6 C.F.R. § 5.5(e)(1) (DHS regulations on expedited processing).

25.     The FOIA request also sought fee waivers because EFF "qualifies as a representative of the news media" and the "disclosure of the requested information is in the public interest." *See* 5 U.S.C. §§ 552(a)(4)(A)(i)-(iii). The request included documentation that several federal agencies previously recognized EFF's status as a news media representative.

26.     On November 18, 2025, DOJ acknowledged receipt of EFF's FOIA request. The correspondence denied one basis for EFF's request for expedited processing, but stated that the second basis for expedited processing was pending.

27.     To date, DOJ has not responded to EFF's request in substance.

28.     To date, DOJ has not released any records responsive to EFF's FOIA request.

29.     DOJ has exceeded the ten-day statutory deadline for responding to EFF's request for expedited processing.

30.     DOJ has exceeded the twenty-working-day statutory deadline for processing EFF's request and responding to its fee waiver request.

31.     EFF has exhausted the applicable administrative remedies with respect to its FOIA to DOJ.

DHS FOIA Request

32.     EFF's October 14, 2025, FOIA request to DHS sought the same categories of records, expedited processing, and fee waivers, as the DOJ FOIA Request, as alleged in paragraphs 22-25. EFF's FOIA request to DHS sought DHS's own records and communications on the subject.

33.     To date, DHS has not responded to EFF's request in substance.

34.     To date, DHS has not released any records responsive to EFF's FOIA request.

35.     DHS has exceeded the ten-day statutory deadline for responding to EFF's

request for expedited processing.

36. DHS has exceeded the twenty-working-day statutory deadline for processing EFF's request and responding to its fee waiver requests.

37. EFF has exhausted the applicable administrative remedies with respect to its FOIA to DHS.

ICE FOIA Request

38. EFF's October 14, 2025, FOIA request to ICE sought the same categories of records, expedited processing, and fee waivers, as the DOJ FOIA Request as alleged in paragraphs 22-25. EFF's FOIA request to ICE sought ICE's own records and communications on the subject.

39. To date, ICE has not responded to EFF's request in substance.

40. To date, ICE has not released any records responsive to EFF's FOIA request.

41. ICE has exceeded the ten-day statutory deadline for responding to EFF's request for expedited processing.

42. ICE has exceeded the twenty-working-day statutory deadline for processing EFF's request and responding to its fee waiver requests.

43. EFF has exhausted the applicable administrative remedies with respect to its FOIA to ICE.

CBP FOIA Request (CBP-FO-2026-006640)

44. EFF's October 14, 2025, FOIA request to CBP sought the same categories of records, expedited processing, and fee waivers, as the DOJ FOIA Request, as alleged in paragraphs 22-25. EFF's FOIA request to CBP sought CBP's own records and communications on the subject.

45. On October 15, 2025, CBP responded that "Your FOIA request has been closed as insufficient because you did not include a clear and detailed description of the records being requested." It added: "In order to request and possibly receive any 'communications', the requester must provide the email domains in which CBP would be communicating, as well as with whom in CBP one suspects would be doing the communicating, such as positions or titles

within the agency, along with specific key terms to be searched within those email communications."

46. CBP's correspondence continued: "Please be advised that this action is not a denial of your request and will not preclude you from filing other requests in the future." And CBP's correspondence did not advise EFF of its right to administratively appeal CBP's closure of EFF's request.

47. On October 17, 2025, EFF administratively appealed CBP's decision.

48. To date, CBP has not responded to EFF's request in substance. Nor has CBP responded to EFF's administrative appeal.

49. To date, CBP has not released any records responsive to EFF's FOIA request.

50. CBP has exceeded the ten-day statutory deadline for responding to EFF's request for expedited processing.

51. CBP has exceeded the twenty-working-day statutory deadline for processing EFF's request and responding to its fee waiver requests.

52. CBP has exceeded the twenty-working-day statutory deadline for responding to EFF's administrative appeal.

53. EFF has exhausted the applicable administrative remedies with respect to its FOIA to CBP.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**
**(5 U.S.C. § 552)**

54. EFF repeats and realleges paragraphs 1-53.

55. Defendants have wrongfully withheld agency records requested by EFF by failing to comply with the statutory deadline for the processing of any FOIA requests.

56. Defendants have wrongfully denied EFF's request for a waiver of all fees associated with processing the FOIA requests and releasing the requested records.

57. Defendants have wrongfully denied EFF's request for expedited processing of the FOIA requests.

58. EFF has exhausted the applicable administrative remedies with respect to Defendants' wrongful withholding of the requested records.

59. EFF is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, EFF respectfully requests that this Court:

1. Order Defendants to process immediately the requested records in their entirety;

2. Order Defendants to disclose the requested records in their entirety and make copies available to EFF;

3. Order Defendants to waive all fees associated with the processing and release of the requested records;

4. Provide for expeditious proceedings in this action;

5. Award EFF its costs and reasonable attorney's fees incurred in this action; and

6. Grant such other relief as the Court may deem just and proper.

DATED: November 19, 2025            By: /s/ F. Mario Trujillo

F. Mario Trujillo
Aaron Mackey
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
mario@eff.org
amackey@eff.org

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION