1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2  PAMELA T. JOHANN (CABN 145558)
   Chief, Civil Division
3  JOHN L. WOLLMAN (CABN 197362)
   Assistant United States Attorney
4
          450 Golden Gate Avenue, Box 36055
5         San Francisco, California 94102-3495
          Telephone:  (415) 436-7031
6         Facsimile:  (415) 436-6748
          john.wollman@usdoj.gov
7
   Attorneys for Defendants
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND DIVISION

12

13 ELECTRONIC FRONTIER FOUNDATION,          Case No. 4:25-cv-09984-KAW

14        Plaintiff,                         **DEFENDANTS' ANSWER TO COMPLAINT
                                             FOR INJUNCTIVE RELIEF**
15     v.

16 DEPARTMENT OF JUSTICE and
   DEPARTMENT OF HOMELAND
17 SECURITY,

18        Defendants.

19

20

21                             **ANSWER**

22        Defendants Department of Justice ("DOJ") and Department of Homeland Security ("DHS"),

23 including DHS's components Immigration and Customs Enforcement ("ICE") and Customs and Border

24 Protection ("CBP"), (together "Defendants"), hereby respond to Plaintiff's Complaint for Injunctive

25 Relief for Violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 ("Complaint") as

26 follows:  The responses in numbered paragraphs below are to the allegations in each corresponding

27 numbered paragraph of Plaintiff's Complaint.  Plaintiff's topic headings are inserted below for ease of

28 reference.  Use of Plaintiff's topic headings does not constitute an admission or acknowledgement by

Defendants of their relevance or accuracy. Any allegations in the Complaint that are not expressly admitted herein are hereby denied.

## INTRODUCTION

1.      Defendants aver that the allegations in paragraph 1 are irrelevant to Plaintiff's claims under the FOIA and relate to Plaintiff's purpose and intentions in bringing the above-captioned lawsuit such that no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2.      Paragraph 2 consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff purports to bring this lawsuit pursuant to FOIA.

3.      Defendants aver that the allegations in paragraph 3 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 3 and on that basis deny the allegations in paragraph 3.

4.      Defendants aver that the allegations in paragraph 4 are irrelevant to Plaintiff's claims under the FOIA and contain legal conclusions such that no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 4.

5.      Defendants aver that the allegations in paragraph 5 are irrelevant to Plaintiff's claims under the FOIA and contain legal conclusions such that no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 5.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

6.      Paragraph 6 contains Plaintiff's legal conclusions regarding subject matter jurisdiction and personal jurisdiction, to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction and personal jurisdiction over FOIA claims subject to the terms and limitations of the FOIA.

7.      Paragraph 7 contains Plaintiff's legal conclusions regarding venue to which no response is required. To the extent a response is required, Defendants admit that venue is governed by the terms of the FOIA.

8.     Paragraph 8 contains Plaintiff's legal conclusions regarding intradistrict assignment, to which no response is required.  To the extent a response is required, Defendants respectfully direct the Court to the cited provisions of the Local Rules and deny all allegations inconsistent therewith.

## PARTIES

9.     Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 9, and on that basis deny the allegations in paragraph 9.

10.     Defendants admit that DOJ is a Department of the Executive Branch of the United States Government and is an "agency" within the meaning of 5 U.S.C. § 552(f).  The remaining allegations in paragraph 10 consist of conclusions of law, to which no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 10 and on that basis deny the remaining allegations in paragraph 10.

11.      Defendants admit that DHS is a Department of the Executive Branch of the United States Government and is an "agency" within the meaning of 5 U.S.C. § 552(f).  The remaining allegations in paragraph 11 consist of conclusions of law, to which no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 11 and on that basis deny the remaining allegations in paragraph 11.

## FACTUAL ALLEGATIONS

12.     Defendants aver that the allegations in paragraph 12 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 12 and on that basis deny the allegations in paragraph 12.

13.     Defendants aver that the allegations in paragraph 13 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 13 and on that basis deny the allegations in paragraph 13.

14.     Defendants aver that the allegations in paragraph 14 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 14 and on that basis

deny the allegations in paragraph 14.

15.    Defendants aver that the allegations in paragraph 15 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 15 and on that basis deny the allegations in paragraph 15.

16.    Defendants aver that the allegations in paragraph 16 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 16 and on that basis deny the allegations in paragraph 16.

17.    Defendants aver that the allegations in paragraph 17 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 17 and on that basis deny the allegations in paragraph 17.

18.    Defendants aver that the allegations in paragraph 18 are irrelevant to Plaintiff's claims under the FOIA, and therefore no response is required.

19.    Paragraph 19 contains Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 19 and on that basis deny the allegations in paragraph 19.

**EFF's FOIA Requests**

20.    Defendants admit that on October 14, 2025, EFF submitted four separate FOIA requests through online FOIA portals to DOJ, DHS, ICE, and CBP, respectively, and aver that EFF's October 14, 2025, FOIA requests are the best evidence of their contents and speak for themselves, and deny any allegations in paragraph 20 that are inconsistent therewith.

21.    Defendants admit the allegations in paragraph 21.

DOJ FOIA Request

22.    Paragraph 22 consists of Plaintiff's characterization of its FOIA request.  DOJ respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations in paragraph 22 to the extent that they are inconsistent therewith.

DEFENDANTS' ANSWER
NO. 4:25-cv-09984-KAW                    4

23.     Paragraph 23 consists of Plaintiff's characterization of its FOIA request.  DOJ respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

24.     Paragraph 24 consists of Plaintiff's characterization of its FOIA request.  DOJ respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

25.     Paragraph 25 consists of Plaintiff's characterization of its FOIA request.  DOJ respectfully refers the Court to a copy of that request for a complete and accurate statement of its contents and denies the allegations to the extent they are inconsistent therewith.

26.     DOJ admits that by letter dated November 18, 2025, the Office of Information Policy ("OIP") acknowledged receipt of Plaintiff's request.  DOJ respectfully refers the Court to the November 18, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

27.     DOJ admits that, as of the date of the Complaint, it had not issued a final response to Plaintiff's FOIA request.  Except as so admitted, DOJ denies the remaining allegations in paragraph 27.

28.     DOJ admits that, as of the date of the Complaint, it had not issued a final response to Plaintiff's FOIA request.  Except as so admitted, DOJ denies the remaining allegations in paragraph 28.

29.     Paragraph 29 consists of conclusions of law to which no response is required.  To the extent a response is required, DOJ admits that, as of the date of the Complaint, it had not fully responded to Plaintiff's request for expedited processing.  Except as so admitted, DOJ denies the remaining allegations in paragraph 29.

30.     Paragraph 30 consists of conclusions of law to which no response is required.  To the extent a response is required, DOJ admits that, as of the date of the Complaint, it had not responded to Plaintiff's request.  Except as so admitted, DOJ denies the remaining allegations in paragraph 30.

31.     Paragraph 31 consists of conclusions of law to which no response is required.  To the extent a response is required, DOJ denies the allegations in paragraph 31.

DHS FOIA Request

32.     DHS avers that Plaintiffs' October 14, 2025, FOIA request is the best evidence of its

1    contents and speaks for itself, and denies any allegations in paragraph 32 that are inconsistent therewith.

2    33.    DHS admits that as of the date of the filing of Plaintiff's Complaint, it had not responded
3    to Plaintiff's FOIA request.  Defendant DHS denies the remaining allegations in paragraph 33.

4    34.    DHS admits that as of the date of the filing of Plaintiff's Complaint, it had not released any
5    records in response to Plaintiff's FOIA request. DHS denies the remaining allegations in paragraph 34.

6    35.    The allegations in paragraph 35 contain conclusions of law to which no response is
7    required.  To the extent a response is required, DHS denies the allegations in paragraph 35.

8    36.    The allegations in paragraph 36 contain conclusions of law to which no response is
9    required.  To the extent a response is required, DHS denies the allegations in paragraph 36.

10    37.    The allegations contained in paragraph 37 contain conclusions of law to which no response
11    is required.  To the extent a response is required, DHS denies the allegations in paragraph 37.

12    ICE FOIA Request

13    38.    ICE avers that Plaintiffs' October 14, 2025, FOIA request is the best evidence of its
14    contents and speaks for itself, and denies any allegations in paragraph 38 that are inconsistent therewith.

15    39.    ICE denies the allegations in paragraph 39 and further avers that ICE acknowledged receipt
16    of EFF's FOIA request and administratively closed the request after EFF had not responded within 30
17    days to ICE's request for clarification dated December 2, 2025.

18    40.    ICE admits the allegations in paragraph 40.

19    41.    ICE admits the allegations in paragraph 41.

20    42.    ICE admits the allegations in paragraph 42.

21    43.    The allegations in paragraph 43 are legal conclusions to which no response is required.  To
22    the extent a response is required, ICE denies the allegations in paragraph 43.

23    CBP FOIA Request (CBP-FO-2026-006640)

24    44.    CBP avers that Plaintiffs' October 14, 2025, FOIA request is the best evidence of its
25    contents and speaks for itself, and denies any allegations in paragraph 44 that are inconsistent therewith.

26    45.    CBP avers that CBP's October 15, 2025, response to EFF's October 14, 2025, FOIA
27    request is the best evidence of its contents and speaks for itself, and that any allegations inconsistent
28    therewith are denied.

46.    CBP avers that CBP's October 15, 2025, response to EFF's October 14, 2025, FOIA request is the best evidence of its contents and speaks for itself, and denies any allegations in paragraph 46 that are inconsistent therewith.

47.    CBP avers that Plaintiff's October 17, 2025, letter is the best evidence of its contents and speaks for itself and denies any allegations in paragraph 47 that are inconsistent therewith.

48.    The allegations in the first sentence of paragraph 48 is a legal conclusion to which no response is required.  To the extent a response is required, CBP avers that CBP's October 15, 2025, letter is the best evidence of its contents and speaks for itself and denies any allegations in the first sentence of paragraph 48 that are inconsistent therewith.  CBP denies the remaining allegations in paragraph 48.

49.    CBP admits the allegations in paragraph 49.

50.    The allegations in paragraph 50 contain a legal conclusion for which no response is required.  To the extent a response is required, CBP avers that CBP's October 15, 2025, response to Plaintiff's October 14, 2025, FOIA request assigned tracking number CBP-FO-2026-006640 is the best evidence of its contents and speaks for itself and denies any allegations in paragraph 50 that are inconsistent therewith.

51.    The allegations in paragraph 51 is a legal conclusion for which no response is required.  To the extent a response is required, CBP avers that CBP's October 15, 2025, response to Plaintiff's October 14, 2025, FOIA request assigned tracking number CBP-FO-2026-006640 is the best evidence of its contents and speaks for itself and denies any allegations in paragraph 51 that are inconsistent therewith.

52.    The allegations in Paragraph 52 contain a legal conclusion for which no response is required.  To the extent a response is required, CBP denies the allegations in paragraph 52.

53.    The allegations in Paragraph 53 contain a legal conclusion for which no response is required.  To the extent a response is required, CBP denies the allegations in paragraph 53.

## CAUSES OF ACTION

**Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

**(5  U.S.C. § 552)**

54.    Defendants incorporate by reference their response to the allegations in paragraphs 1-53 set forth above as if fully set forth herein.

55.   Defendants deny the allegations in paragraph 55.

56.   Defendants deny the allegations in paragraph 56.

57.   Defendants deny the allegations in paragraph 57.

58.   Defendants deny the allegations in paragraph 58.

59.   Defendants deny the allegations in paragraph 59.

## REQUESTED RELIEF

The allegations in paragraphs 1 through 6 following the "WHEREFORE" clause consist of Plaintiff's requested relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

Further answering Plaintiff's complaint, Defendants aver the following separate and additional affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because its FOIA requests failed to reasonably describe the records sought in that they did not identify specific persons or specific documents, types of documents, or types of information and did not suggest times, locations, or even clearly indicate the identities of those who may have the specific documents or communications that are sought.  5 U.S.C. § 552(a)(3).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief beyond what is provided for under the FOIA.  5 U.S.C. § 552.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of information that is protected from disclosure by one or more statutory exemptions or exclusions.  5 U.S.C. § 552(b).  Disclosure of such information is not required or permitted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust its administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

Defendants have insufficient knowledge or information at this time on which to form a belief as to whether it has any additional, as yet unstated, defenses available.  Defendants reserve the right to assert

additional defenses in the event discovery or other developments indicate it would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

1.      Plaintiff take nothing by its Complaint;

2.      Judgment be entered in favor of Defendants and against Plaintiff;

3.      Defendants be awarded their costs of suit; and

4.      For such other and further relief as the Court may deem proper.

DATED:  January 30, 2026                      Respectfully submitted,


                                              CRAIG H. MISSAKIAN
                                              United States Attorney

                                              */s/ John L. Wollman*
                                              JOHN L. WOLLMAN
                                              Assistant United States Attorney

                                              Attorneys for Defendants