F. MARIO TRUJILLO (SBN 352020)
mario@eff.org
AARON MACKEY (SBN 288647)
amackey@eff.org

ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
KENNETH W. BRAKEBILL (CABN 196696)
Acting Chief, Civil Division
JOHN L. WOLLMAN (CABN 197362)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7031
Facsimile: (415) 436-6748
john.wollman@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br>Plaintiff,<br>v.<br>DEPARTMENT OF JUSTICE and DEPARTMENT OF HOMELAND SECURITY,<br>Defendant. | Case No.: 4:25-cv-09984-JST<br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT

STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. Jurisdiction & Service**

This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1331. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because the Electronic Frontier Foundation (EFF) is headquartered in this district.

EFF has served all parties.

**2. Facts**

On October 14, 2025, EFF submitted four substantially similar Freedom of Information Act (FOIA) requests—along with requests for expedited processing and fee waivers—to the Department of Justice (DOJ), Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and Customs and Border Protection (CBP). The requests seek records related to communications between the agencies and multiple private companies, their respective corporate subsidiaries and "any online service, application store, website, or similar" concerning online applications "ICE Block, DeICER, or any similar applications."

On October 15, 2025, CBP administratively closed EFF's request as insufficient, alleging that EFF "did not include a clear and detailed description of the records being requested." EFF sent CBP a letter, dated October 17, 2025, contesting that decision, and EFF did not receive a response at the time of the lawsuit's filing.

On November 18, 2025, DOJ acknowledged the request and denied expedited processing pursuant to the Department's standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." 28 C.F.R. § 16.5(e)(1)(ii)(2018).

On November 20, 2025, EFF filed this lawsuit to obtain the records it requested, along with expedited processing and fee waivers.

On November 24, 2025, DHS acknowledged receipt of the request and alleged the request was "too broad."

On December 2, 2025, ICE claimed EFF's request was "too broad" and noted it would administratively close the request if it did not receive a response in 30 days. On January 9, 2026, the ICE FOIA Office administratively closed the request after EFF did not respond to the request for clarification. Notwithstanding the overbreadth of the request, the ICE FOIA Office tasked various ICE program offices most likely to have responsive records, if any, using search terms from the FOIA request. To date, no responsive records have been located.

On December 19, 2025, CBP noted it would take no further action due to the pending lawsuit.

On January 12, 2025, DOJ denied EFF's request for expedited processing pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5 (d)(iv)(2018).

Since the filing of the complaint and the Defendants' answer, the parties have conferred multiple times by video conference and email. As a result of these discussions, Plaintiff and Defendant DOJ have reached an agreement on the scope of Plaintiff's FOIA request and the parameters of an adequate search to be utilized locate the requested records. Plaintiff intends to confer further with other agency Defendants regarding their respective positions on this approach as well.

**3. Legal Issues**

The disputed points of law include:

- Whether EFF is entitled to expedited processing of its request. 5 U.S.C. § 552(a)(6)(E)(i). *See also Al-Fayed v. CIA*, 254 F.3d 300, 310 (D.C. Cir. 2001) (Considering "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity.")
- Whether EFF's requests reasonably described the records sought, as specified by, 5 U.S.C. § 552(a)(3)(A). *See Yagman v. Pompeo*, 868 F.3d 1075, 1081 (9th Cir. 2017) (noting a description should allow "a professional employee of the agency who was familiar with

the subject area of the request to locate the record with a reasonable amount of effort.") (citation omitted).

- Defendants, except for ICE as mentioned above, have not searched for the requested records or asserted any specific FOIA exemptions. If they do, future disputed points could include: whether Defendants have adequately searched for and processed all responsive records as required under FOIA; and whether Defendants have properly withheld records, in whole or in part, under FOIA.

**4. Motions**

There are no pending motions. The parties expect to resolve this case through cross motions for summary judgment. *See, e.g.*, *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996) (noting FOIA "facts are rarely in dispute.").

**5. Amendment of Pleadings**

EFF reserves their right to amend its pleadings to incorporate additional FOIA requests that seek the same records, or to otherwise amend to address Defendants' position that the FOIA requests failed to adequately describe the records sought. EFF proposes that the deadline for amending the pleadings is 30 days after resolution of Defendants' contention, other than DOJ, that EFF's FOIAs failed to adequately describe records, or upon this Court's resolution of any dispositive motion filed by Defendants.

**6. Evidence Preservation**

Given the nature of this FOIA litigation, the parties do not expect to take discovery at this time.

Nonetheless, the Parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

**7. Disclosures**

Given the nature of this FOIA litigation, the parties agree that no initial disclosures are

necessary, under the requirements of Fed. R. Civ. P. 26.

**8. Discovery**

Given the nature of this FOIA litigation, the parties do not expect to take discovery at this time and, therefore, do not plan to enter a stipulated e-discovery order or a proposed discovery plan, nor have they identified discovery disputes. The parties also do not anticipate proposing any limitations or modifications of the discovery rules.

Defendants contend that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA cases, "courts may allow the government to move for summary judgment before the plaintiff conducts discovery").

**9. Class Actions**

This case does not involve class action claims.

**10. Related Cases**

The parties are aware of no related cases or proceedings pending before another judge of this court or before another court or administrative body.

Although the parties agree that it is not a related case as defined by Local Rule 3-12(a), the parties wish to advise the court of another FOIA case, *Tan v DOJ*, 5:25-cv-10688-BLF (N.D. Cal.). In *Tan*, the Plaintiff sued the DOJ regarding six different FOIA requests. Two of those six requests seek documents related to communications between the DOJ and Apple, Google, or other platforms regarding apps that document immigration activity, which likely seeks the disclosure of similar records as EFF's requests.

Compared to *Tan*, this case involves a different plaintiff (EFF), one additional Defendant (DHS); different requests that are differently worded (four of the requests in *Tan* involve completely separate topics); and different legal issues (The requestor in *Tan* did not allege expedited processing in the Complaint). *See* 5:25-cv-10688, ECF. No. 1 at 8–9 (N.D. Cal. Dec. 12, 2025).

**11. Relief**

Plaintiffs seek an order requiring Defendants to process immediately the requested records in their entirety; disclose the requested records in their entirety and make copies available to EFF;

to waive all fees associated with the processing and release of the requested records; provide for expeditious proceedings in this action; award EFF its costs and reasonable attorney's fees incurred in this action; and for the court to order such other relief as the Court may deem just and proper.

Defendants seek that Plaintiff take nothing by its Complaint; judgment be entered in favor of Defendants and against Plaintiff; Defendants be awarded their costs of suit; and for such other and further relief as the Court may deem proper.

**12. Settlement and ADR**

The parties do not believe that they would benefit from ADR at this time. Plaintiff and Defendant DOJ have recently come to an agreement that Defendant DOJ believes has cured the issues cited above with respect to Plaintiff's FOIA request to DOJ, and the remaining agency Defendants are considering similar discussions. The parties have jointly created search terms and related protocols that they believe will allow DOJ to search for records within 30-45 days and then confer with EFF regarding the responsiveness of the identified records and a processing schedule for responsive records. Although the parties do not know the volume of the records that may be processed, DOJ agrees to confer with EFF on a rolling processing schedule and will update the Court every 30 days on the status of processing.

The parties anticipate that agreements similar to the one reached between EFF and DOJ can be reached between EFF and Defendants DHS, ICE, and CBP. If such agreements are reached, the parties anticipate adopting a similar process and schedule for the Defendants to search for and process responsive records.

**13. Other References**

The parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

To date, the parties have come to an agreement on the Defendant DOJ's contention that EFF's requests failed to adequately describe the records sought. EFF and Defendant DOJ have reached an agreement on EFF's FOIA Request to DOJ and DOJ has begun searching for and processing responsive records. The Parties intend to negotiate in a good faith effort to reach similar

agreements with respect to EFF's FOIA Requests to DHS, ICE, and CBP. Resolution of this issue in full would permit all agency Defendants to begin searching for and processing responsive records. EFF is open to continuing to narrow the other outstanding issues, including EFF's request for expedited processing.

**15. Scheduling**

The parties respectfully submit that full scheduling of this case, including discovery and trial, is not feasible at this time as Defendant DOJ has begun an initial search for responsive records and Defendants DHS, ICE, and CBP are negotiating with EFF regarding the scope of its request. The parties therefor propose that the Court enter an initial scheduling order as follows:

- The parties file a Joint Status Report on or before June 26, 2026, to update the Court on DOJ's initial search for responsive records and processing thereof, as well as whether EFF reached agreement with Defendants DHS, ICE, and CBP to conduct similar searches.
- That the parties file additional Joint Status Reports with the Court, due every 30 days, after June 26, 2026, until Defendants complete their search for, processing, and production of responsive records.
- That the parties file an additional Joint Status Report within 30 days of Defendants' completion of their search for, processing, and production of responsive records. This report shall describe any outstanding issues and propose a schedule for resolving the case, either via settlement, alternative dispute resolution, or on cross-motions for summary judgment.

**16. Trial**

Given the nature of this FOIA lawsuit, the parties anticipate resolving this action through cross motions for summary judgment. Therefore, trial is not anticipated.

**17. Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed its certificate of interested parties. ECF No. 3. Pursuant to Civil L.R. 3-15, the undersigned counsel for Plaintiff certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

Defendants are governmental parties and, therefore, are not required to file such a certification.

**18. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other**

N/A.

Respectfully submitted,

Dated: May 19, 2026

<u>*/s/ Aaron Mackey*</u>
Aaron Mackey
F. Mario Trujillo

Counsel for Plaintiff Electronic Frontier Foundation

Dated: May 19, 2026

CRAIG H. MISSAKIAN
United States Attorney

<u>*/s/ John L. Wollman*</u>
JOHN L. WOLLMAN
Assistant United States Attorney

Attorneys for Defendants

**In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that each signatory has concurred in the filing of this document.*

**[PROPOSED] CASE MANAGEMENT ORDER**

Based on the above JOINT CASE MANAGEMENT STATEMENT, it is **HEREBY ORDERED**:

- That the parties file a Joint Status Report on or before June 26, 2026 to update the Court on DOJ's initial search for responsive records and processing thereof, as well as whether EFF reached agreement with Defendants DHS, ICE, and CBP to conduct similar searches.
- That the parties file additional Joint Status Reports with the Court, due every 30 days, after June 26, 2026, until Defendants complete their search for, processing, and production of responsive records.
- That the parties file an additional Joint Status Report within 30 days of Defendants' completion of their search for, processing, and production of responsive records. This report shall describe any outstanding issues and propose a schedule for resolving the case, either via settlement, alternative dispute resolution, or on cross-motions for summary judgment.

IT IS SO ORDERED.

Dated:

____________________________________

HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE